

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY ANDREW MARSHALL,

    Plaintiff,

v.    Civil Action No. **3:13CV761**

WAYNE L. EMERY, *et al.*,

    Defendants.

### MEMORANDUM OPINION

Jeffrey Andrew Marshall, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**A.    Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Summary of Allegations

Because the basis upon which Marshall sought to hold the defendants liable was far from clear, by Memorandum Order entered on February 6, 2015, the Court ordered Marshall to file a particularized complaint. On February 20, 2015, Marshall filed his Particularized Complaint. (ECF No. 14.)[2]

In his Particularized Complaint, Marshall names as defendants: Wayne L. Emery,[3] Harry T. Taliaferro, III, and Jessica R. Vaughn ("Defendants"). Nevertheless, even after the filing of the Particularized Complaint, Marshall's theory as to how exactly the defendants violated his

---

[2] The Court corrects the capitalization and the punctuation in the quotations from the Particularized Complaint.

[3] Emery is the Commonwealth's Attorney for Richmond County, Virginia. (Compl. 1, ECF No. 1.) Vaughn is a probation officer. (*Id.* at 2.) Talliaferro is a judge. (*Id.*)

3

rights remains opaque. It appears Marshall believes the defendants are liable for wrongfully revoking his probation.[4] Specifically, Marshall alleges:

> Richmond County's prosecution ordered a show cause for my personage around March 13[th] of 2011, based on a probation violation for peace and good behavior, exercised by Probation Officer Jessica R. Vaughn in lieu of a legal conviction in Chesterfield County, VA [for a nonexistent criminal background]. However, the show cause was one year and three months late from the issued warrant in Chesterfield on the date of January the 1[st] of 2010.
> ... When this specific article was announced to the attention to Harry J. Taliaferro, III, by my attorney, Marshall C. Davison, the judge proceeded to extract a large tome of legal statutes, which appeared rather outdated and or antiquated. Whereas he began to recite some article of legal code in which I highly doubt is still in effect, or was ever passed by a majority vote by one-third of Congress. Abruptly finishing his recital, he proceeded with the sentence and a rapt of the gavel.

(Part. Compl. 2.) Marshall contends that Taliaferro is liable for his "inaccurate ruling based on outdated show cause [and] possible ineffective legal statutes extracted from a source of reference unknown. (*Id.* at 3.) In his Particularized Complaint, Marshall makes no coherent request for relief. In his original complaint, he demanded monetary relief. As explained below, the action will be dismissed as frivolous.

C.    **Analysis**

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted *personally* in the deprivation of the plaintiff[']s rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Although Marshall mentions Defendant Vaughn in the body of the Particularized Complaint, he fails to articulate any facts that plausibly suggest that she violated his constitutional rights. Accordingly, all claims against Defendant Vaughn will be DISMISSED.

---

[4] On the first page of the Particularized Complaint, Marshall contends Defendants violated his rights by depriving him of "personal freedom against [his] will." (Part. Comp. 1.)

4

Marshall's claims against Defendant Emery are barred by prosecutorial immunity. "[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (citations omitted). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994).[5] "[O]nce a prosecutor possesses probable cause," he is entitled to immunity when deciding "whether to prosecute, which charges to initiate, [and] what trial strategy to pursue . . . ." *Goldstein v. Moatz*, 364 F.3d 205, 215 (4th Cir. 2004). Litigating the issue of whether Marshall violated the terms of his probation, was clearly within the scope of Defendant Emery's prosecutorial duties. *Goldstein*, 364 F.3d at 215. Accordingly, all claims against Defendant Emery will be DISMISSED.

Defendant Taliaferro also enjoys immunity from suit. Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious

---

[5] Marshall fails to allege facts that suggest he seeks to hold Defendant Emery liable for any investigative tasks.

5

litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Marshall fails to allege facts that suggest either exception applies in this instance. Accordingly, all claims against Defendant Taliaferro will be DISMISSED.

The action will be DISMISSED as legally frivolous. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 4-28-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge